IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONWIDE JUDGMENT RECOVERY, INC. as assignee of Matthew E. Orso, in his capacity as successor court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com for Receiver Kenneth D. Bell, §§§§§§§§§§ *Plaintiff*, §§ v. § LAKEISHA M. FORD (a member of the Defendant Class of Net Winners in ZeekRewards.com); TODD DISNER, et al., §§§§§§§ *Defendant*. § | Case No. 3:21-mc-0061-S |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By order of reference filed February 6, 2023 (doc. 28), before the Court for recommendation is *Judgment Creditor's Motion for Entry of Judgment in Garnishment Action*, filed May 2, 2022 (doc. 19). Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED**, and its proposed judgment should be entered.

**I. BACKGROUND**

Nationwide Judgment Recovery, Inc. (Creditor) seeks to garnish certain sums from entities that are indebted to the defendants against whom a judgment was entered by a federal court in North Carolina. (doc. 19.)

On August 14, 2017, a final judgment was entered against defendant Lakeisha M. Ford (Debtor) in the amount of $31,710.04, plus post-judgment interest, for her alleged benefit from the

ZeekRewards.com Ponzi scheme. (doc. 1 at 2-4.) The judgment was awarded to Matthew E. Orso (Receiver) as the successor court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com, the defendant in the underlying action. (*Id.* at 1.) Receiver assigned his rights to Creditor on December 16, 2019. (*Id.* at 6.) On May 27, 2021, Creditor registered the judgment with this court. (*Id.* at 1.) On February 22, 2022, Creditor applied for a writ of garnishment against Navy Federal Credit Union (Garnishee), and it was issued the next day. (docs. 13, 14.) On March 15, 2022, Garnishee answered, stating that it was indebted to Debtor in the amount of $1,065.43. (doc. 17.) Creditor now seeks entry of judgment ordering Garnishee to pay it $1,065.43. (doc. 19 at 2-3.)

## II. GARNISHMENT

"A money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). The procedure used to issue a writ of execution, and in any related proceedings, is that of the state in which the court is located. *Id*. "As actions supplemental to or in aid of execution, … garnishment actions are governed by state law to the extent it does not conflict with federal law." *FG Hemisphere Assocs., LLC v. Republique du Congo*, 455 F.3d 575, 595 (5th Cir. 2006) (internal citations omitted) (citing Fed. R. Civ. P. 69).

In Texas, "[s]hould it appear from the answer of the garnishee … that the garnishee is indebted to the defendant in any amount, … the court shall render judgment for the plaintiff against the garnishee for the amount so admitted or found to be due to the defendant from the garnishee[.]" Tex. R. Civ. P. 668.

Here, it plainly appears from Garnishee's answer that it is indebted to Debtor in the amount of $1,065.43. (doc. 17.) The answer has not been controverted or otherwise disputed, and no

response or objection to Creditor's motion has been filed. Accordingly, Creditor's motion should be granted and judgment should be entered in its favor.

### III. RECOMMENDATION

Creditor's motion should be **GRANTED,** and its proposed judgment should be entered.

**SO RECOMMENDED** on this 6th day of October, 2023.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE